MARY FINN, PLAINTIFF IN ERROR, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT IN ERROR.

Submitted July 10, 1903—Decided February 29, 1904.

1. A warranty by an insured in his application for insurance that "no proposal or application to insure my life has ever· been made to any company or agent upon which a policy has not been issued of the amount applied for," is the warranty of a fact relating to a matter upon which the insured could fully answer, and, if false, avoids the policy.

2. *Quære.* Whether a warranty by the insured that he has never had "pneumonia" is the warranty of a fact, relating to a matter upon which the insured could fully answer, or only to the fair sense of the question, namely, to the belief of the insured, within the rule stated in *Henn v. Metropolitan Life Insurance Co.*, 38 *Vroom* 310.

On error to the Supreme Court.

For the plaintiff in error, *Benjamin M. Weinberg.*

For the defendant in error, *Conover English* and *Robert H. McCarter.*

The opinion of the court was delivered by

FORT, J. The facts in this case are sufficiently stated in the opinion of the Supreme Court as reported in 38 *Vroom* 17.

The Supreme Court sustained the direction of a verdict for the defendant by the Essex County Circuit Court upon the sole ground that the plaintiff had warranted the truth of the statement in his application for this insurance that he had never had the complaint or disease called "pneumonia."

Whether pneumonia is of the classes of diseases within the rule in the case of *Henn* v. *Metropolitan Life Insurance Co.*, 38 *Vroom* 310, in view of the result we have reached in this court upon other ground, upon which the Circuit Court also directed the verdict for the defendant, it will be unnecessary for us to determine.

The other warranty, made by the insured in this case, was that "no proposal or application to insure my life has ever been made to any company or agent upon which a policy has not been issued of the amount applied for."

The proof was that the insured had previously applied for insurance to the defendant company and that his application had been rejected, and that the insured had been notified of such rejection prior to his application for the insurance upon which the policy in this case was issued.

It is clear that this question related to a matter upon which the insured could fully answer.

This was a warranty of a fact within the knowledge of the insured and, being false, avoids the policy.

The judgment of the Supreme Court, affirming the Circuit Court, is for this reason affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.