278 P.2d 888

Emery KAUZLARICH, Appellant,

v.

The BOARD OF TRUSTEES OF OAK CREEK SCHOOL DISTRICT NUMBER 16, YAVAPAI COUNTY, State of Arizona, et al., Appellees.

No. 5950.

Supreme Court of Arizona.

Jan. 18, 1955.

Rehearing Denied Feb. 15, 1955.

Byrne & Byrne, Prescott, for appellant.

David H. Palmer, Jr., County Atty., Prescott, for appellees.

PHELPS, Justice.

This is an appeal from a judgment of the Yavapai County Superior Court against appellant herein and in favor of the board of trustees of Oak Creek School District No. 16 and the members thereof, the election board of said school district and the members thereof, the board of supervisors of Yavapai County and the members thereof and Sarah Folsom, superintendent of schools of Yavapai County.

The facts are that an election was duly called for March 9, 1954, for the purpose of submitting to the qualified electors of Cottonwood School District and the qualified electors of Oak Creek School District No. 16, both of Yavapai County, the question of whether said school districts should be consolidated. The results of the election in Cottonwood School District was 306 votes in favor of consolidation and 11 votes against; and in Oak Creek School District No. 16 there were 76 votes cast in favor of consolidation and 75 against.

The court will hereinafter refer to said districts as Cottonwood and Oak Creek districts. The count of the election boards of Oak Creek and Cottonwood districts was reported to the superintendent of schools of Yavapai County and on March 15, 1954, the county school superintendent and the chairman of the board of supervisors canvassed said vote as provided by law and on that date confirmed the count of the election boards in both districts and declared Oak

Creek district to be consolidated with Cottonwood district.

Appellant immediately brought this action against the above-named appellees contesting the declared result of the election alleging that the election board of Oak Creek district wrongfully denied one Emmitt McMenamin and his wife Stella the right to vote at said election; that they were both qualified electors of Oak Creek district on said date; that if they had been permitted to vote they both would have voted against such consolidation and in that event the vote at said Oak Creek district would have been 77 votes against and 76 for consolidation thereby defeating said consolidation.

Upon hearing, the trial court found in effect that Emmitt and Stella McMenamin were not residents of Oak Creek district and therefore not qualified electors of Oak Creek district on March 9, 1954. The specific finding insofar as here material was that no qualified electors of Oak Creek district were refused the right to vote at said consolidation election. It found, as a conclusion of law, that Emmitt McMenamin and Stella McMenamin, his wife, were not duly qualified electors of Oak Creek district on the date of such election and that the consolidation of the two districts was not erroneous and void and that the school board at said district was not guilty of malconduct in denying them the right to vote in said election. The court thereupon

by its judgment duly entered, validated the consolidation of said districts.

Appellant has presented two assignments of error for our consideration both of which raise the same question, to wit: Were Emmitt and Stella McMenamin wrongfully denied the right to vote in Oak Creek district on the question of consolidating that district with the Cottonwood district? If they were wrongfully denied that right the judgment of the trial court must be reversed. If not, it must be sustained. If they were qualified electors of Oak Creek district they were wrongfully denied the right to vote. If they were not qualified electors they were properly prevented from voting.

Section 55–201, A.C.A.1939, as amended 1953 provides that:

"Every resident of the state is qualified to become an elector and may register to vote at all elections authorized by law if he: 1. Is a citizen of the United States; 2. will be twenty-one (21) years of age or over prior to the regular general election next following his registration; 3. will have been a resident of the state one year and of the county and precinct in which he claims the right to vote thirty (30) days next preceding such election; * * * "

Emmitt and Stella McMenamin registered to vote on March 8, 1954, by filling out the affidavit prescribed by law for that purpose and duly acknowledged the same

before a qualified and acting registration officer. The affidavits of each of them showed their residence to be Clemenceau, county of Yavapai, state of Arizona, and gave their post-office address as the same. The affidavit also showed their precinct as Oak Creek precinct. Clemenceau is located in the Cottonwood district and not in Oak Creek district.

Emmitt McMenamin has been employed by the Yavapai County highway department for nearly seven years. For the past three years he has actually lived in Centerville which is about three-fourths of a mile south and west of Clarkdale and is not in Oak Creek district. Immediately prior to that date he lived in Clemenceau for about six months. He and his wife have received their mail through the Clemenceau Post Office except the testimony shows that they have received some two or three letters at Cornville in Oak Creek district. Section 55–512, A.C.A.1939, in prescribing the rules by which an election board may determine the place of residence of a person insofar as material in the instant case is as follows:

"1. That place is the residence of a person wherein his habitation is fixed and to which whenever he is absent he has the intention of returning;

"2. A person does not gain or lose a residence by reason of his presence at or absence from a place while employed in the service of the United States or of this state, or while engaged in navigation, or while a student in an institution of learning, or while kept in an alms-house, asylum or prison.

\* \* \* \* \* \*

"7. The place where a man's family permanently resides is his residence unless he be separated therefrom, but if it be a place of temporary establishment for his family, or for transient objects, it is otherwise.

\* \* \* \* \* \*

"9. The mere intention to acquire a new residence without act of removal avails nothing; neither does the act of removal without the intention; the term of residence must be computed by including the day on which the person's residence commenced, and by excluding the day of election."

If Emmitt and Stella McMenamin ever had a residence or domicile in Oak Creek district they did not lose it merely and solely by his being required to live elsewhere as a result of his employment with the county highway department. A new residence or domicile could be acquired only by the concurrence of intention to establish it elsewhere and an act evidencing such intention.

The law is well settled in this state that the statement in an affidavit of registration as to place of residence is not conclusive. Hiatt v. Lee, 48 Ariz. 320, 61 P. 2d 401, 107 A.L.R. 444, but it is also the law as enunciated in the same case that the evidence on that point must be construed as strong proof of the correctess of their resi-

dence and post-office address given therein. To the same effect is Grounds v. Lawe, 67 Ariz. 176, 193 P.2d 447.

It is necessary to examine the evidence in this case to ascertain the correct answers to the above questions. The testimony of Emmitt McMenamin shows that he registered in Beaver Creek precinct in 1948 giving his residence as Rimrock and that he voted in that precinct in 1952. The last time he registered was in Beaver Creek precinct in 1948 and the last time he voted was in that precinct in 1952. Prior to June, 1952, John F. McMenamin, father of Emmitt, was living in Beaver Creek precinct. At that time he moved to Cornville, purchased property and established his residence there.

■ Both Emmitt and Stella McMenamin stated that their residence had always been with his parents. This is a conclusion of law and we are of the view that the trial court was correct in ruling that the facts do not sustain such a conclusion. The fact that Emmitt McMenamin voted in Beaver Creek precinct in the September and November elections of 1952 long after his parents had moved to Cornville, Oak Creek district, completely refutes so far as establishing his right to vote in Oak Creek precinct is concerned, the statement that he was residing with them in September and November, 1952. The only acts of Emmitt McMenamin relied upon by appellant since November, 1952, to establish his residence or domicile in Oak Creek precinct are that

he and his wife had purchased property there and a few months before had moved a house which was untenable and some personal property upon the premises; that each weekend they go up there and work upon the house and premises clearing brush, etc., and that they intend to live upon their own property some time in the future when the home becomes tenable. Centerville, where they have been living in county property for the past three years, is only about eight miles distant from Cornville. At the time Emmitt McMenamin voted in Beaver Creek precinct he and his wife were living at Centerville where they now live.

John F. McMenamin, the father of Emmitt, testified on this subject as follows:

"Q. When Emmitt comes over on Saturdays does he stay there with you that night or does he go back? A. Not necessarily all the time but once in a great while.

"Q. Generally it is only eight miles from your place down to where he lives in Clemenceau? A. I would call it something like that.

"Q. If he comes out with the family they generally come out to visit and then they go home at night? A. There ain't much visiting to do. It is only after dark, mostly after work.

"Q. Then they go back the next morning? A. Yes, that is correct."

■ Emmitt McMenamin has been married since December, 1949. Stella McMena-

min testified that she voted in Oak Creek precinct in 1952 while her husband voted in Beaver Creek precinct, although she testified that she at all times intended her residence to be the same as her husband's. We held in Carlson v. Carlson, 75 Ariz. 308, 256 P.2d 249, 250, which was a divorce action but we believe applicable here that

"The general rule by the great weight of authority is that the wife must adopt the residence of the husband and that she cannot without just cause maintain a separate domicile."

There is no evidence in this case at all that Emmitt McMenamin ever purchased any groceries for use in his parents' home, that he paid any rent or any board. There is the further fact that the home was wholly inadequate to provide the comforts for eight people. The evidence shows that the home consisted of a dining room, kitchen, and one bedroom and in addition thereto there was a room separate from the house which contained bunk beds. In addition to Emmitt's parents, his grandfather and grandmother also lived in the little home. Emmitt and Stella McMenamin have two small children.

■ It is an unbroken rule of this court that where the trial court renders a judgment upon conflicting evidence or where the evidence is not in conflict, if there is substantial evidence to support the judgment, this court will not interfere therewith. In re Graham's Estate, 73 Ariz. 179, 239 P.2d 365, and many others. Even if we treat the conclusion of the witnesses Emmitt and Stella McMenamin as a statement of fact rather than a conclusion of law it creates a sharp conflict between the testimony of the witnesses and their sworn affidavits and under the above rule the judgment of the trial court must be sustained.

The judgment of the lower court is therefore affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, Jr., JJ., concur.