329 P.2d 883

### SOUTHERN PACIFIC COMPANY, a corporation, Appellant,

v.

### The CORPORATION COMMISSION of Arizona, and William T. Brooks, John H. Barry and Mit Simms, as members of and comprising said Commission, Appellees,

and

### The City of Tucson, Intervenor-Appellee.

No. 6510.

Supreme Court of Arizona.

Sept. 24, 1958.

Rehearing Denied Oct. 21, 1958.

Evans, Kitchel & Jenckes and Jos. S. Jenckes, Jr., and Earl H. Carroll, Phoenix, for appellant.

Robert Morrison, Atty. Gen., for appellees.

Harold R. Neubauer, City Atty., Tucson, for intervenor-appellee.

PHELPS, Justice.

The Southern Pacific Company, a railroad corporation, appeals from a judgment which affirms an order of the Corporation Commission directing Southern Pacific to install at its sole expense two electrically

operated flashing warning signals to warn automobile traffic of approaching trains at its South Cherry Avenue railroad crossing in the city of Tucson. The Commission entered its order on petition by the city of Tucson after a hearing at which both Tucson and Southern Pacific presented evidence.

■ Southern Pacific commenced this action in the superior court under the provisions of A.R.S. § 40–254 and the court permitted Tucson to intervene in defense of the Commission's order. Under subdivision E of A.R.S. § 40–254 the burden of proof at the trial rested upon Southern Pacific to show by clear and satisfactory evidence that the order of the Commission is unreasonable or unlawful. At the trial the court, by stipulation of the parties, admitted in evidence the record of the proceedings before the Commission—transcript of testimony and exhibits. Southern Pacific allowed its case to rest entirely on the matters contained in that record and offered no further evidence. Tucson offered one witness primarily for the purpose of explaining and offering into evidence three photographs of the South Cherry Avenue crossing which had not been previously offered at the hearing before the Commission.

In its appeal to this court Southern Pacific contends that the trial court erred in affirming the Commission's order because: (1) the South Cherry Avenue crossing does not create a hazardous condition dangerous to the health and safety of the public; (2) the hazard, if any, at the crossing does not result from acts of the Southern Pacific Company; (3) the Commission did not apportion the cost of the protective devices under the provisions of A.R.S. § 40–337; and (4) an interpretation of A.R.S. §§ 40–336 and 40–337 which places the entire cost of crossing protection on the railroad without reference to the reasonableness thereof makes them unconstitutional and creates an unreasonable burden on interstate commerce.

■ We held in Maricopa County v. Corporation Commission, 79 Ariz. 307, 289 P.2d 183, that § 69–228, A.C.A.1939 (now A.R.S. § 40–336), places the burden of paying the cost of protective devices exclusively upon the railroad company and that the apportioning of costs provisions of § 69–229, A.C.A.1939 (now A.R.S. § 40–337), have no application to the installation of protective signalling devices at existing grade crossings. In Southern Pacific Co. v. Corporation Commission, 83 Ariz. 333, 321 P.2d 224, we held that an interpretation of our statutes which imposes the entire cost of signalling devices upon the railroad is not unconstitutional either as a denial of due process of law or as an unreasonable burden on interstate commerce. The rule laid down in Atchison, Topeka & S. F. Ry. Co. v. Public Utilities Commission, 346 U.S. 346, 74 S.Ct. 92, 98 L.Ed. 51, in no way con-

flicts with that view. The matter as to whether such costs shall be apportioned or placed solely upon the railroad is purely legislative. Therefore, we must affirm the trial court's judgment if the evidence conflicts or if substantial evidence supports its judgment. Kauzlarich v. Board of Trustees, 78 Ariz. 267, 278 P.2d 888. Or if, under this rule, the evidence in this case justifies a determination by the trial court that the Commission's order was not unreasonable or unlawful, we must affirm the trial court's judgment.

At the hearing the Commission received the following evidence: according to a one-week traffic count taken in May of 1956, an average of 5,329 vehicles passed over the South Cherry Avenue crossing in each 24-hour period with a high of 6,041 on Friday and a low of 3,341 on Sunday. According to an estimate made by Southern Pacific Company employees the train movements over the South Cherry Avenue crossing in a 24-hour period consist of 8 passenger trains, between 23 and 35 freight trains, and 8 to 13 switching movements— a potential total of 56 train movements a day over the crossing. Two main tracks, one eastbound and one westbound, and one spur track intersect South Cherry Avenue at an angle of approximately 53 to 54 degrees to form the South Cherry Avenue crossing. One accident occurred at this crossing in each of the years 1951, 1952 and 1953; none occurred in 1954; two, in

1955; and four accidents occurred at the crossing up to June 7 in 1956. An automobile may legally travel at 35 miles per hour over the crossing. The Southern Pacific Company voluntarily orders its employees to limit train speeds over the crossing to 20 miles per hour. At a position on the street 100 feet north of the crossing, buildings limit a driver's sight distance to 180 feet east along the railroad tracks, and to 213 feet west along the railroad tracks.

At the trial the court received evidence that at a position on the street 100 feet south of the crossing a building limits a driver's sight distance to 200 feet west along the railroad tracks.

The evidence before the trial court justified a determination by it that the South Cherry Avenue crossing is a hazardous crossing and that the public health and safety requires the protection of electrically operated flashing warning signals at the crossing. The evidence does not brand the Commission's order as unreasonable. Thus substantial evidence supports the judgment and we must affirm it unless the Commission's order is otherwise unlawful.

The fact that the buildings which limit the driver's sight distance are not railroad buildings on railroad land is immaterial. See Eckert v. Perth Amboy & W. R. Co., 66 N.J.Eq. 437, 57 A. 438. Where health or safety requires it, the Commission may order the railroad to in-

stall appropriate safety devices. A.R.S. § 40–336. Nothing in our statutes limits this power to instances where only factors controlled by the railroad have contributed to the hazardous nature of the crossing.

This answers all the contentions made by Southern Pacific supporting their one assignment of error. None of the reasons brand the Commission's order as unlawful. The evidence of Southern Pacific has not proved the Commission's order to be unlawful or unreasonable. We affirm the judgment of the trial court because substantial evidence supports it.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.