Thelma Ruth HEATER, Appellant,

v.

Ezra Wayne HEATER, Appellee.

No. 2421.

Municipal Court of Appeals for the District of Columbia.

Argued July 27, 1959.

Decided Nov. 10, 1959.

Joseph D. DiLeo, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant wife on December 12, 1958, filed a complaint for absolute divorce on the ground of desertion. At the conclusion of the wife's case the court dismissed her complaint on the ground that she had not resided in the District for the required statutory period. She appeals.

Inasmuch as the claimed desertion occurred in West Virginia, it is requisite that the wife be a "bona fide resident" of the District for at least two years prior to the filing of her complaint. Code 1951, § 16–401.

In our case of Jones v. Jones, D.C.Mun.App., 136 A.2d 580, we discussed various phases of the residence requirement in divorce actions in this District and laid down the following principles: Residence in our statute means "domicile"; a domicile once existing continues until another is acquired; a person cannot be without a legal domicile somewhere. There are two requisites for establishing a domicile here, (1) physical presence, and (2) an intent to abandon the former domicile and remain here for *an indefinite period of time;* a new domicile comes into being when the two elements coexist. A person may be domiciled here without an affirmative intent to remain here *permanently;* the test of intent is generally spelled out in terms indicating something less than *permanent habitation,* i. e., an intent to remain for an *indefinite future time.*

Testing the court's ruling in the light of these principles it was clearly wrong. The uncontradicted evidence was that the parties were married in Winchester, Virginia, on June 27, 1953; in October 1956 while they were living in Clarksburg, West Virginia, they separated. She remained there until November 1 of that year when she came to this District, having obtained employment here. She has been working and living here continuously ever since. She pays taxes here and regards the District as her home. For a while she was willing to resume marital relations with her husband out of the District, *if and when he provided a satisfactory home for her;* this he never did.

The record conclusively establishes that the wife came here more than two years prior to the filing of her suit, intending to make the District her home, if not permanently, at least for an indefinite period of time. The fact that she might have left the District in the event the husband provided a home for her elsewhere, did not negative her intention to make this jurisdiction her domicile when she came here. It is obvious that the court based its decision on the premise that the law required that the wife when she moved here intended to remain in the District *permanently;* this as we have seen is not the law.

Reversed with instructions to assume jurisdiction and proceed with a hearing on the merits.