381 P.2d 104

The ARIZONA CORPORATION COMMISSION (George F. Senner, Jr., E. T. "Eddie" Williams, Jr., and Jack Buzard, members of said Commission), Appellant,

v.

S & L SERVICE, INC., an Arizona corporation, Appellee.

No. 7617.

Supreme Court of Arizona.

En Banc.

May 2, 1963.

Robert W. Pickrell, Atty. Gen., John J. Casey, Asst. Atty. Gen., for appellant.

Snell & Wilmer by Don Corbitt and Burr Sutter, Phoenix, for appellee.

PER CURIAM.

Appellant, the Arizona Corporation Commission, hereinafter referred to as the Commission, was the defendant in an appeal to the Superior Court from an order of the Commission. The S & L Service, Inc., an Arizona corporation, hereinafter referred to as S & L, was the plaintiff in said action. The case was tried on a stipulated statement of facts and judgment was entered for the S & L against the Commission.

The facts essential to the disposition of the case under the stipulation are as follows. S & L operates a garage and wrecker service and holds itself out to render towing or wrecking service to the general public. It does not have a certificate of convenience and necessity to provide towing or wrecking service issued by the Arizona Corporation Commission. It employs one mechanic and one mechanic's helper and three service-tow truck drivers and it owns and operates four service-tow trucks with which it makes about 139 tows per month,

approximately 85% of which are for AAA members. In addition to the towing service rendered by S & L it also provides roadside mechanical service.

The Commission maintains that A.R.S. § 40–601(A) (3) has defined "common motor carrier" such as to include the business carried on by S & L of towing cars for others over the public highways for hire. The Commission also asserts that A.R.S. § 40–601(A) (8), as amended, which defines "private motor carriers" is unconstitutional since it limits the powers granted to the Corporation Commission to regulate common carriers using the public highways. The Commission further contends that since S & L, when engaged in towing motor vehicles, is a "common motor carrier" it must have a certificate of convenience and necessity issued pursuant to A.R.S. § 40–607.

S & L's position is that it is a "private motor carrier", specifically authorized by statute to operate in the manner in which it is presently operating without being certificated by the Commission.

Two questions are presented for determination by this appeal. (1) Is S & L Service, Inc. a common or private carrier?. (2) Does A.R.S. § 40–601(A) (8), as amended, violate the Arizona Constitution regarding the jurisdiction of the Arizona Corporation Commission? This section, as amended in the laws of 1960, defines a private motor carrier as follows:

" 'Private motor carrier' means any person not included in the term 'common motor carrier' or 'contract motor carrier' who transports by any motor vehicle in excess of six thousand pounds unladen weight property of which such person is the owner, lessee or bailee, when such transportation is for the purpose of sale, lease, rent or bailment, or in the furtherance of any commercial enterprise, * * *, provided that towing of disabled vehicles by tow trucks operated in connection with an automobile repair or service business or a wrecking yard shall be deemed to be incidental to a commercial enterprise, and the operator thereof shall be deemed to be a private motor carrier when engaged in such operations."

Prior to passage by the legislature of A.R.S. § 40–601(A) (8) in 1960, providing for the towing of disabled vehicles by tow trucks, this court in interpreting the old statute which made no reference to towing of disabled vehicles by tow trucks stated in the case of Killingsworth v. Morrow, 83 Ariz. 23, 26, 315 P.2d 873 (1957):

"* * * Certainly, if one whose principal business is that of servicing and repairing cars tows the same for the purpose of repairing or servicing, he would be transporting them for bailment or in furtherance of his principal

commercial enterprise and would thereby qualify as a private carrier."

The opinion went on to say, however:

"* * * If any portion of the receipts upon which this tax was levied was derived from towage charges not performed in the furtherance of or incident to his garage business but separate and apart therefrom, such receipts would be taxable as income derived from transporting property for compensation as a common carrier or contract carrier."

Subsequent to the Killingsworth decision the legislature in 1960 amended the statute to the effect that "towing of disabled vehicles by tow trucks operated in connection with an automobile repair or service business or a wrecking yard shall be deemed to be incidental to a commercial enterprise, and the operator thereof shall be deemed to be a private motor carrier when engaged in such operations."

We are of the opinion that under the provisions of A.R.S. § 40-601(A) (8) as amended, the S & L is a private motor carrier.

In reference to the constitutional jurisdiction of the Commission, Art. 15, § 3, Const. of the State of Arizona, A.R.S., provides:

"The Corporation Commission shall have full power to, and shall, prescribe just and reasonable classifications to be used and just and reasonable rates and charges to be made and collected, by public service corporations within the State for service rendered therein, and make reasonable rules, regulations, and orders, by which such corporations shall be governed in the transaction of business within the State * * *."

Art. 15, § 6, Const. of the State of Arizona, provides:

"The law-making power may enlarge the powers and extend the duties of the Corporation Commission, and may prescribe rules and regulations to govern proceedings instituted by and before it; but, until such rules and regulations are provided by law, the Commission may make rules and regulations to govern such proceedings."

We have said in the case of Corporation Commission of Arizona v. Pacific Greyhound Lines, 54 Ariz. 159, 176, 94 P.2d 443, that

"'full power to * * * make reasonable rules, regulations and orders, by which such corporations shall be governed in the transaction of business within the State', * * *

"refers only to the power given the commission by the same section (the predecessor to A.R.S. § 40-601(a) (3)): to

" 'prescribe just and reasonable classifications to be used, and just and reasonable rates and charges to be made and collected, by public service corporation(s),'

"and that both under the direct language of the constitution and the police power inherent in the legislative authority, the paramount power to make all rules and regulations governing public service corporations not specifically and expressly given to the commission by some provision of the Constitution, rests in the legislature, and it may, therefore, either exercise such powers directly or delegate them to the commission upon such terms and limitations as it thinks proper. The limitation set forth in section 6, of chapter 100, supra, is, therefore, constitutional. * * *"

It does not appear that there is anything in the constitutional authority which requires carriers to be certificated to perform functions that can be regulated by statute. While the Commission does have the power to prescribe just and reasonable classifications to be used, and just and reasonable rates and charges to be made and collected by public service corporations, there is nothing in the Constitution that forbids the legislature from enacting a law that permits private motor carriers to tow disabled vehicles by tow trucks operated in connection with an automobile repair or service business, or a wrecking yard.

We are of the opinion that A.R.S. § 40–601(A) (8), as amended, does not invade the Commission's constitutional powers.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concur.