497 P.2d 407

**The ARIZONA CORPORATION COMMISSION and Eugene G. Herman, dba Memory Chapel, Appellants,**

v.

**Henry HAMPTON, dba Hampton Funeral Home, et al., Appellees.**

**No. 1 CA–CIV 1495.**

Court of Appeals of Arizona,
Division 1,
Department B.
May 25, 1972.

**292**

Gary K. Nelson, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for appellant Commission.

Yankee & Bernstein by A. Michael Bernstein, Phoenix, for appellant Herman.

Favour & Quail, P. A. by John M. Favour, Prescott, for appellees.

EUBANK, Judge.

This is an appeal by the Arizona Corporation Commission, hereafter "Commission", from a judgment of the Superior Court in favor of the several appellee operators of ambulance services within the city of Prescott, Arizona, hereafter "Appellees", vacating and setting aside the Commission's decision which granted a certificate of convenience and necessity to Mr. Eugene G. Herman, doing business as Memory Chapel, hereafter "Applicant", as a common motor carrier for the transportation of persons for compensation, ". . . in an ambulance service within the State of Arizona with base of operations at Prescott, Arizona."

Although several questions are raised for review the only substantial question is whether the record is sufficient to support the trial court's determination that the decision of the Commission was "erroneous, unreasonable and contrary to law". Arizona Corporation Commission v. Southern Pacific Co., 87 Ariz. 310, 350 P.2d 765 (1960); Arizona Corporation Commission v. Reliable Tranportation Co., 86 Ariz. 363, 346 P.2d 1091 (1960).

A.R.S. § 40–607, subsec. C, as amended, provides:

"C. If, after a hearing on the application, the commission finds from the evidence that the public convenience and necessity requires the proposed service or any part thereof, and that the applicant is a fit and proper person to receive a certificate, it may issue the certificate as applied for, or issue it for only partial exercise of the privilege sought, and may attach to exercise of the right granted by the certificate terms and conditions which it deems the public convenience

and necessity require, but, *except as to ambulances, funeral coaches and common carriers of farm products,* when an applicant requests a certificate to operate over a route, or in a territory already served by a common motor carrier, the commission may, after hearing, issue a certificate only when the existing common motor carrier operating over the route or serving the territory, will not provide service deemed satisfactory by the commission." (Emphasis supplied). The emphasized addition to the statute was enacted by the legislature in 1958 (Laws of 1958, Ch. 43). The title to the amendment characterizes the emphasized addition as "PROVIDING EXEMPTIONS" to the issuance of a certificate of convenience and necessity. By its placement in the statute, it is clear that the intention of the legislature was to carve out an exemption for "ambulances, funeral coaches and common carriers of farm products" in order to permit the Commission to grant multiple certificates in a territory and thereby modify the "regulated monopoly" concept insofar as specified emergency and agricultural carriers are concerned. The power of the legislature to enlarge the powers and extend the duties of the Commission, in view of Article 15, Section 3 of the Arizona Constitution, A.R.S., was settled in the affirmative by our Supreme Court in Arizona Corporation Commission v. S & L Service, Inc., 93 Ariz. 380, 381 P.2d 104 (1963). Although the statute exempts these specific carriers, the exemption is limited in nature. The statute still requires that the Commission " . . . finds from the evidence that the public convenience and necessity requires the proposed service . . . and that the applicant is a fit and proper person to receive a certificate. . . ." (A.R.S. § 40–607, subsec. C).

At the A.R.S. § 40–254, subsec. C trial in the Superior Court, the parties stipulated that the trial judge should consider the transcript of the Commission's hearing held on July 29, 1969, as the evidence introduced at the trial. The trial judge agreed, and except for the applicant being sworn in

order to update the ambulance count in the Prescott territory since the July hearing, no other evidence was taken, and the trial court considered the matter on the same record as the Commission did.

■ The trial court's review of the Commission's action is on a slightly different basis than the ordinary civil or criminal appeal. Our Supreme Court has made this clear in the case of Corporation Commission v. Peoples Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420 (1932) where the Court stated

"It will be seen, upon examining the language of this section, [A.R.S. § 40–254] that the proceeding is not an appeal from the decision of the commission, but it is a new and independent action. The case is heard *de novo* upon such evidence as may be proper, and not merely upon a review of the evidence taken before the commission. Such being the case, the trial court is not bound by the rule followed on an appeal by this and by most appellate courts to the effect that, if any reasonable evidence sustains the order of a lower tribunal, an appellate court will not consider and review the weight of the evidence, or the inferences drawn therefrom by the trial court. The superior court in this proceeding had the right to form its own judgment as an independent tribunal as to the conclusion to be drawn from the evidence, subject only to the rule laid down in section 720, [A.R.S. § 40–254] *supra,* that the burden of proof is on the plaintiff to show by clear and satisfactory evidence that the order of the commission is unreasonable or unlawful." (41 Ariz. at pages 160–161, 16 P.2d at page 421).

In accord with and also quoted in Arizona Corporation Commission v. Reliable Transportation Co., supra. However, on this appeal from the Superior Court to this Court we must examine the record made in the trial court and affirm the judgment of the trial court if the evidence conflicts or if substantial evidence can be found·

therein to support the judgment. Arizona Corporation Commission v. Reliable Transportation Co., supra; Southern Pacific Co. v. Corporation Commission, 84 Ariz. 365, 368, 329 P.2d 883, 884 (1958), appeal dismissed 359 U.S. 532, 79 S.Ct. 1136, 3 L.Ed. 2d 1028 (1959).

While the record shows that the applicant established that he was a fit and proper person to receive a certificate, he completely failed to establish that "public convenience and necessity *requires* the proposed service." The testimony by the appellees and their witnesses showed that adequate ambulance services were available to the Prescott territory, and that all of them were operating at a financial loss. While he did show several isolated instances of slow service by the present ambulance operators, the applicant offered no evidence in the nature of a study, survey or expert testimony demonstrating the real need for his proposed service, other than his own testimony that he wanted to establish it in order to compete with the other mortuaries as a form of advertising. Such a motivation does not, in our opinion, establish a "public convenience and necessity" requirement for added service.

Lastly, the Commission questions whether it has jurisdiction to regulate the ambulance service provided by a funeral home. No analysis of the basis for this doubt is set forth in the brief. One possible theory might be that the service could be provided as a private motor carrier based on Arizona Corporation Commission v. S & L Service, Inc., supra; however, our reading of A.R.S. § 40–607 and our analysis of subsection C, above, leaves us of the opinion that the Commission does have a positive duty to regulate the ambulance service provided by a funeral home.

The evidence substantially supports the judgment of the trial court.

Judgment affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.