537 P.2d 20

**Waldo L. DeWITT, John M. Hazelett and Bob Kennedy, Commissioners of the State Tax Commission of Arizona, Appellants,**

v.

**Gene L. McFARLAND and Marilyn A. McFarland, his wife, Appellees.**

**No. 11679.**

Supreme Court of Arizona, In Division.

June 26, 1975.

N. Warner Lee, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellants.

Hill & Savoy by Kenneth I. Todd, Cheryl K. Hendrix, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by the State Tax Commission from a summary judgment exempting appellee, Gene McFarland, from Arizona income taxes for the years 1966 through 1969.

A.R.S. § 43–102 in its relevant parts provides:

"There shall be levied, collected, and paid for each taxable year upon the entire net income * * * of every resident of this state * * * taxes in the following amount * * *."

A resident is defined by § 43–101 as:

"(p)(2). Every individual domiciled in this state who is outside the state for a temporary or transitory purpose."

Hence, by statute, every resident of Arizona is subject to state income taxes and "resident" means a person domiciled in Arizona.

Appellee was born and lived in Arizona until he left on the 31st day of May, 1966, to accept employment with an American corporation doing construction work in the Republic of Vietnam. At the time of his birth he acquired an Arizona domicile, Restatement of Law 2d, Conflict of Laws, § 14. Since from the time of acquisition of domicile at birth one is never without a domicile somewhere, Ness v. Commissioner of Corporations and Taxation, 279 Mass. 369, 181 N.E. 178, 82 A.L.R. 977 (1932), appellee's domicile continued in Arizona at least until he went to Vietnam. Intent must coincide with physical presence to effect a change of domi-

cile, Kauzlarich v. Board of Trustees, etc., 78 Ariz. 267, 278 P.2d 888 (1955). To acquire a domicile of choice, a person must intend to make that place his home for the time at least. Restatement of Law 2d, Conflict of Laws, § 18. We take it therefore that appellee's intent must have been to make Vietnam his home, at least for the time that he was there.

· Appellants point to certain indicia which they argue disclose an intent by appellee to retain Arizona as his domicile. These include (1) that appellee had only a temporary visa to Vietnam; (2) that he deposited part of his salary in an Arizona bank; (3) that he maintained a membership in a local union in Phoenix, Arizona; (4) that he renewed his Arizona driver's license when he returned on a visit to Arizona; (5) that he stored personal property in Arizona; (6) that he filed Arizona income tax returns on resident forms; and (7) that he eventually returned to Arizona.

Some of the items are of dubious significance in the determination of the question of appellee's domicile after he left Arizona. His employment contract, for example, required that he deposit 85% of his salary in an American bank. The choice of an Arizona bank is not of particular significance in the light of the fact that there was no reason to select a bank in another state. Appellee's membership in an international union in Phoenix was a non-active membership of $1.50 per month, paid to avoid the necessity of having to re-join should he ever be employed again in the United States. His renewal of his Arizona driver's license when he visited Arizona for two weeks was because Vietnam would not issue a driver's license to an American citizen without a valid license from a state in the United States. Appellee's Arizona license expired while he was in Vietnam, necessitating its renewal in order to keep a Vietnamese license. While appellee filed Arizona tax returns on a resident's form, this was done pursuant to the directions of an accountant in Arizona who prepared the forms.

That appellee eventually returned to Arizona, that he had only a temporary visa in Vietnam, and that some personal effects were stored in Arizona during his absence do not compel the conclusion that he was domiciled in Arizona, for even if we assume that his stay in Vietnam was intended to be only temporary, it clearly was of indefinite duration.

As the court said in Heater v. Heater (D.C. Mun.App.), 155 A.2d 523 (1959):

"There are two requisites for establishing a domicile here, (1) physical presence, and (2) an intent to abandon the former domicile and remain here for *an indefinite period of time*; a new domicile comes into being when the two elements coexist. A person may be domiciled here without an affirmative intent to remain here *permanently*; the test of intent is generally spelled out in terms indicating something less than permanent *habitation,* i. e., an intent to remain for an *indefinite future time."* 155 A.2d at 524.

In Gallagher v. Philadelphia Transp. Co., 3 Cir., 185 F.2d 543 (1950), the court said: "It is enough to intend to make the new state one's home. Restatement, Conflict of Laws (1934) §§ 19, 20; Chicago & Northwestern Ry. Co. v. Ohle, 1885, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837. It is not important if there is within contemplation a vague possibility of eventually going elsewhere, or even of returning whence one came. Goodrich, Handbook of the Conflict of Laws (3rd ed. 1949) § 28; see Gilbert v. David, supra, 235 U.S. [561] at page 569, 35 S.Ct. [164] at page 166 [59 L.Ed. 360]. If the new state is to be one's home for *an indefinite period of time,* he has acquired a new domicile. Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 1940, 116 F.2d 871." 185 F. 2d at 546. (Emphasis supplied)

And in State v. Dillett, 240 Wis. 465, 3 N.W.2d 699 (1942) the Supreme Court of Wisconsin said:

"The intention required need not be one to remain in a given place for all time, it

is generally sufficient if the intent be to make presently the given location one's home even though one may have in mind the possibility of making a change should future events demand." 240 Wis. at 468, 3 N.W.2d at 700.

Appellee testified that he had made up his mind to have a career as an employee of corporations working in foreign fields, that he had had job offers in the Grand Island of the Bahamas and one in Portugal, but that he had to be transferred from Saigon to those job sites. In 1967, appellee developed hepatitis in Saigon. In 1969, after he arrived in the United States on a 30-day leave with his company, he had a relapse of the hepatitis and because of this illness was unable to continue with his contract of employment. In December, 1969, he was told by his company that he could no longer be employed because of his health condition. Up to that time he said he had not planned to return to Arizona.

Appellee established a home in Vietnam which, while it was not permanent in the sense of forever, was for an indefinite period of time. In this respect, we think that if appellee had moved to another state rather than a foreign country and intended to make that state his home for an indefinite period of time, it would be clear that Arizona's exaction would not apply.

We think the court below could believe that when appellee went to Vietnam, rented a house there and sent for his wife, he intended to establish his home there. In so doing, he became domiciled in Vietnam. This home continued to be his domicile until he was advised that his employment would not be renewed because of his physical condition and he made the decision to live in Arizona.

Neither party to this action urges that there is a question of fact to be resolved in the court below. Each party urges that on the facts they are entitled to judgment. In Fox v. Johnson & Wimsatt, 75 U.S.App. D.C. 211, 127 F.2d 729 (1942), the court said:

"There was conflict concerning interpretation of the facts and the ultimate conclusion to be drawn from them respecting intention. But there was none as to the facts themselves. * * * Conflict concerning the ultimate and decisive conclusion to be drawn from undisputed facts does not prevent rendition of a summary judgment, when that conclusion is one to be drawn by the court. The court had before it all the facts which formal trial would have produced. Going through the motions of trial would have been futile. Judgment therefore was given properly for the defendant." 127 F.2d at 736–737.

And *see* Tripp v. May, 7 Cir., 189 F.2d 198 at 200.

We think therefore that the trial court properly entered a judgment favorable to appellee.

The judgment of the court below is affirmed.

HAYS and HOLOHAN, JJ., concur.