547 P.2d 502

Martin **LOFERSKY** dba Arizona Messenger & Bonded Special Delivery Service, Appellant,

v.

Herbert **NEEDEL** dba Tucson Package Delivery Service and Pueblo Parcel Service, Appellees.

No. I CA–CIV 2933.

Court of Appeals of Arizona, Division 1.

March 30, 1976.

Rehearing Denied April 29, 1976.

Review Denied June 2, 1976.

Murphy, Vinson & Hazlett by Carl E. Hazlett, Tucson, for appellant.

Feldman, Wolin & Lahr, P.C. by Marvin Wolin, Tucson, for appellees.

Bruce E. Babbitt, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for amicus curiae Arizona Corp. Commission.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a superior court order setting aside an order of the Corporation Commission.

Martin Lofersky, the appellant, made application to the Arizona Corporation Commission for a certificate of convenience and necessity to operate a 24-hour a day, 365 days a year parcel or package delivery service in Tucson. At the time of his application there were two certificated carriers in Tuscon, both owned and controlled by Herbert Needel, the appellee. Neither of these carriers offered the "round the clock" service proposed by Lofersky.

Following a hearing on Lofersky's application the Corporation Commission issued its opinion and order which contained the following pertinent findings of fact and conclusions of law:

### "FINDINGS OF FACT

1. Within the territory encompassed by this application there were only two certificated common carriers which duplicate, in part, the proposed pickup, transportation and delivery service of small packages and parcels on an immediate basis: Tucson Parcel Delivery and Pueblo Parcel Service.

2. The present certificated common carriers, both the freight and baggage carriers and the two package and parcel delivery carriers which appeared in opposition, do not presently provide 24-hour per day, on-call, immediate pickup, transportation and delivery service.

3. The two certified common carriers of packages and parcels within the city

of Tucson and vicinity operate only between the hours of 7:00 a. m. and 5:00 p. m., and only operate after business hours when one of their regular customers, who has been given their home telephone numbers, calls the home of either the owner or the manager. They are not open to the public between the hours of 5:00 p. m. and 7:00 a. m. and do not hold themselves open to the public on Sundays and on Holidays.

\* \* \* \* \* \*

### CONCLUSIONS OF LAW

1. There is a present public need and necessity for a specialized and unique type of package and parcel delivery service that is operative 24 hours daily and 365 days per year.

2. The type of package and parcel delivery service proposed by applicant is not now being performed by existent certificated carriers inasmuch as none of the existent certificated common carriers are holding themselves out to the public as ready, willing, and able to pickup, transport and deliver packages and parcels 24 hours daily and 365 days per year."

\* \* \* \* \* \*

The Corporation Commission then issued to Lofersky a certificate of convenience and necessity for the proposed service. Appellee, after exhausting his administrative remedies, filed this case in the superior court in Maricopa County.

Following a trial, the court made the following findings of fact and conclusions of law:

"1. That defendant's [Lofersky] application requested a certificate to operate over a route, or in a territory, already served by the plaintiff.

2. That the Arizona Corporation Commission by its Order dated June 14, 1973, found a present public need and necessity for the proposed services of the defendant.

3. That said finding of the public need and necessity was the first time that there had been a finding for the need of such a service to serve the public in convenience and necessity.

4. That there was no finding that plaintiff was not willing or unable to provide the extended or additional service.

5. That the plaintiff was not given an opportunity to provide the extended or additional service.

6. That plaintiff, the existing carrier, had the right to the first opportunity to provide any extended or additional service.

\* \* \* \* \* \*

The trial court set aside the Commission's opinion and order on the grounds that it was arbitrary, unreasonable, unlawful and void.

Appellant claims the trial court erred in voiding the Commission's order and further erred by not granting his motion for a new trial or, in the alternative, his motion to reopen the trial proceedings.

■ In the trial court the burden was upon Needel to show by clear and satisfactory evidence that the Commission's order was unreasonable or unlawful. A.R.S. Sec. 40–254 subsection E.

■ The trial below is de novo in the sense it is not merely a review of the evidence by the trial court to see whether there is any reasonable evidence to sustain the order of the Commission. Instead, the trial court weighs the evidence, draws its own inferences therefrom, and comes to an independent conclusion. *Sulger v. Arizona Corporation Commission*, 5 Ariz.App. 69, 423 P.2d 145 (1967); *Arizona Corporation Commission v. Hampton*, 17 Ariz.App. 291, 497 P.2d 407 (1972).

The trial court based its decision upon the exhibits and a transcript of the testimony before the Commission which the parties stipulated could be read by the trial court. The transcript of testimony before

the Corporation Commission was never offered into evidence and is nowhere to be found in the record on appeal.

■ The findings of fact, on their face, show the Commission's order was unlawful because the Commission failed to make a finding of fact required by A.R.S. Sec. 40–607 subsection C, which states in part:

" . . . the commission may, after hearing, issue a certificate only when the existing common motor carrier operating over the route or serving the territory, will not provide service of a character and over an area deemed satisfactory by the commission."

■ While the findings state that Needel was not extending to the public the service contemplated by Lofersky, there is no finding that Needel would not provide the service. Since the transcript of the testimony before the Corporation Commission was not offered into evidence but merely read by the trial court, and since we do not have the transcript to review, we presume the transcript supports the trial court's finding that Needel never stated he would not provide such service as the Commission deemed to be satisfactory.

The grounds for Lofersky's motion for new trial and the request to reopen proceedings for the taking of further testimony were a letter and deposition by the hearing officer, Mr. Evans, who heard the proceedings of Lofersky's application and a memo from a Mr. DeWitt, a tariff and rate examiner who claimed to have been present at the hearing. According to both of them, Mr. Needel testified that he was not willing to provide the service which Lofersky was desirous of providing.

It is obvious from Lofersky's motion that Needel is correct when he states in his brief that there is nothing in the transcript of the proceedings which would substantiate any claim that Needel was unwilling to provide the service. Indeed, Lofersky makes no claim that the record in any way substantiated the testimony which he desired to elicit from Evans and DeWitt. The deposition of Mr. Evans makes it clear that the statements of Mr. Needel to which Evans and DeWitt refer occurred, if they occurred at all, off the record in the instant case or on the record in a subsequent case heard on the same day. It is equally clear that as a hearing officer Mr. Evans was making no decision for the Commission but only receiving testimony upon which the Commission was to base its decision. That being so, the Commission did not have before it any evidence that Mr. Needel was unwilling to provide the extended service.

■ Although the superior court review is termed a "trial de novo" this does not mean that when the plaintiff attacks the Commission order on a basis such as that alleged here, Lofersky can introduce evidence which was never presented to the Commission. The burden in the trial court was upon Needel to show by clear and convincing evidence that the Commission's opinion and order was unlawful or unreasonable. He did so. Lofersky cannot rescue the Commission by showing that if certain *other* evidence had been placed into the record, the order would have been lawful.

The Arizona Corporation Commission has filed an amicus curiae brief in this case in support of appellee's position. This brief has also raised other matters which we do not deem necessary to discuss.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This case was decided by the judges of Division Two pursuant to A.R.S. Sec. 12–120(E).