NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

SAMUEL REECE, *Plaintiff/Appellant*,

*v.*

C. TIMOTHY CHU, *Defendant/Appellee*.

No. 1 CA-CV 19-0415

FILED 6-9-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2017-002306
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

---

COUNSEL

Samuel Reece, Wilmington, California
*Plaintiff/Appellant*

Tiffany & Bosco, Phoenix
By Lance R. Broberg, Amy D. Sells, Timothy C. Bode
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S**, Judge:

¶1          Samuel Reece appeals the superior court's grant of summary judgment dismissing his claims against C. Timothy Chu. For the following reasons, this court affirms.

### FACTUAL AND PROCEDURAL HISTORY

¶2          William and Elsie Reece were in their seventies when they remarried in 2006. They lived together in Arizona for about five years. In 2011, Elsie's son, Timothy Chu, took Elsie to live in New Jersey because he was worried about her health. Timothy eventually moved Elsie to a care facility, where she lived until her death in 2017. As of 2011, William knew Elsie was residing in New Jersey and knew she had no intention of moving back to Arizona. Timothy had Elsie's remains cremated several days after she died. Less than eight months later, William died.

¶3          Before William died, William's nephew, Samuel Reece, filed a complaint purportedly acting as William's personal representative, power of attorney, and as an interested person under Arizona's Adult Protected Services Act (APSA). *See* A.R.S. § 14-1201.33. The complaint sought damages from Timothy on four counts: (count 1) elder and vulnerable adult abuse under APSA; (count 2) negligence; (count 3) intentional interference with prospective economic advantage; and (count 4) intentional interference with contract (collectively, the original claims). Timothy moved to dismiss the original claims. The first judge treated the motion to dismiss as a motion for summary judgment and had the parties file separate statements of fact.

¶4          The undisputed facts showed Timothy moved Elsie from Arizona to New Jersey in 2011. Timothy purchased a one-way ticket for Elsie to travel to New Jersey. In February 2011, William wrote a letter to Timothy and his sister, begging them not to sell Elsie's Arizona house because of Elsie's relocation, and to let him live there rent free until he

died. In August 2011, Timothy's counsel reaffirmed Elsie's intent not to return to Arizona through a letter to William Reece. The letter also confirmed arrangements were being made to sell Elsie's Arizona house. Elsie did not "return to or otherwise live in Arizona" from 2011 until her death in 2017.

¶5        Based on the undisputed facts, the first judge found all four original claims were barred by Arizona's two-year statute of limitations but granted Samuel leave to amend his complaint to assert claims Timothy had wrongfully cremated Elsie's remains. Additionally, the first judge ordered "the amended complaint shall not assert any of the dismissed claims or any claim based on the removal of Elsie Reece from Arizona." The first judge also denied Samuel's request to be recognized as an interested person for purposes of the APSA claim.

¶6        Two weeks after William died, Samuel filed an amended complaint against Timothy reiterating the original claims regarding Elsie's removal from Arizona. In the amended complaint, Samuel expanded his original claims to include: (count 1) elder and vulnerable adult abuse under APSA on behalf of Elsie; (count 2) elder and vulnerable adult financial abuse under APSA on behalf of William; (count 3) negligence on behalf of Elsie; (count 4) negligence on behalf of William; (count 5) intentional interference with prospective economic advantage on behalf of William; (count 6) custodial interference on behalf of William;[1] and (count 9) intentional interference with oral contract on behalf of William and Elsie.[2] Consistent with the first judge's orders, Samuel also added two claims regarding Elsie's cremation—(count 7) intentional destruction of human remains on behalf of William and (count 8) negligent mishandling of human remains on behalf of William. Of note, besides separating the APSA counts for Elsie and William into separate counts, Samuel added three claims to William's APSA count—his "surviving spouse" claims to the homestead allowance, exempt property, and family allowance under

---

[1] Count 6 for custodial interference was not one of the original claims and did not relate to Elsie's cremation.

[2] Count 9 of the amended complaint was one of the original claims with the clarification the alleged contract was oral.

A.R.S. §§ 14-2401 through 14-2404.[3] These "surviving spouse" claims accrued upon Elsie's death less than eight months earlier.

¶7        Timothy filed a second motion to dismiss. As part of regular judicial rotations, a second judge was assigned to the case while the parties were briefing the second motion to dismiss. Once the second motion to dismiss was fully briefed, the second judge dismissed counts 1 through 5 based on the first judge's ruling on the statute of limitations. The second judge also dismissed count 6 based on the first judge's ruling even though it was not one of the original claims but did not dismiss count 9 even though it was. In other words, the second's judge's rulings were not entirely consistent with those of the first judge. The second judge simultaneously denied Samuel's renewed request to be recognized as an interested person for purposes of the APSA claims for both Elsie and William.[4]

¶8        In assessing the three remaining claims, the second judge treated the motion to dismiss as one for summary judgment. The second judge, therefore, ordered the parties to provide evidence of standing for counts 7 through 9. While the parties were briefing those issues, the second judge voluntarily recused herself from further handling of the case, saying in part,

> The court finds no basis for disqualification; however, this judicial officer recognizes that Plaintiff or Defendant may have concern regarding this judicial officer's familiarity with [Timothy's attorney] if he appeared in an oral argument, evidentiary hearing, or trial. Thus, in an abundance of caution, the court entered an order of disqualification.

¶9        The case was then assigned to a third judge.[5] The third judge renewed the order to provide evidence regarding whether Samuel had standing to bring counts 7 through 9. While the parties were briefing the standing issue, Samuel filed four motions seeking to set aside the second

---

[3] In his amended complaint, Samuel refers to claims from section 14-2401 through "14-1404." This court treats the citation as a typographical error.

[4] Contrary to the assertion in the answering brief, Samuel in fact renewed his request under the amended complaint to be confirmed as an interested person for purposes of APSA.

[5] Another judge briefly assumed handling of the case but was noticed before making any substantive rulings.

judge's rulings based on bias. Specifically, Samuel filed motions for reconsideration, Rule 56(d) relief, Rule 59 relief, and Rule 60 relief (collectively, the bias motions). Because the second judge voluntarily recused herself, Samuel argued her rulings should not stand. The third judge found no merit in Samuel's motions, saying the second judge recused out of an abundance of caution, acted consistently with the first judge when she granted judgment in Timothy's favor on counts 1 through 6, and properly treated the motion to dismiss counts 7 through 9 as a motion for summary judgment.

¶10        The third judge ultimately found Samuel did not provide any evidence to support the claim he was the personal representative for either William or Elsie.[6] The third judge, therefore, found Samuel did not have standing and granted summary judgment in Timothy's favor on counts 7 through 9. Samuel timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

**ANALYSIS**

I.     **The superior court did not err when it denied Samuel's motions regarding the second judge's rulings before her voluntary recusal.**

¶11        Samuel filed motions arguing the second judge improperly granted Timothy's motion to dismiss the first six counts and improperly ordered briefing to treat the motion to dismiss as to the three remaining counts as a summary judgment motion. This court reviews those rulings for abuse of discretion. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154, ¶ 10 (2016) (Rule 59); *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) (Rule 60); *Cruz v. City of Tucson*, 243 Ariz. 69, 75, ¶ 24 (App. 2017) (Rule 56(d)); *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001) (reconsideration).

---

[6] This court takes judicial notice of its own prior cases to recognize Samuel's appointment as William's personal representative was limited and only authorized him to dispose of William's remains. *See Matter of Estate of Reece*, 1 CA-CV 18-0769, 2019 WL 6769428, at *2, ¶ 9 (Ariz. App. Dec. 12, 2019) (mem. decision) (*Reece* I). The appointment specifically did not authorize him to dispose of Elsie's remains. *Id.*

**¶12**　　　　Each of Samuel's four motions was aimed at setting aside the second judge's rulings alleging her voluntary recusal established her bias. This court will not set aside a superior court ruling based on judicial bias absent an abuse of discretion. *State v. Schackart*, 190 Ariz. 238, 257 (1997). Whether a ruling should be set aside depends on three factors: (1) the risk of injustice to the parties; (2) the risk of denial of relief will result in injustice in other cases; and (3) the risk of undermining public confidence in the judicial process. *See Kay S. v. Mark S.*, 213 Ariz. 373, 380, ¶ 36 (App. 2006). This court defers to the superior court's explicit and implicit factual findings and will affirm them if supported by reasonable evidence. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003). This court reviews "whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason," and will not substitute its discretion for the superior court's. *See Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013).

**¶13**　　　　The third judge did not abuse her discretion. She carefully examined the second judge's voluntary recusal, and her rulings did not exceed the bounds of reason. The third judge found the second judge explained her reasons for voluntary recusal in a detailed minute entry. The third judge found no basis for disqualifying the second judge and noted the second judge voluntarily recused only to avoid any appearance of impropriety. The third judge went on, saying even though the second judge recused herself, the recusal did not "change the fact [the first judge] previously issued orders, on which [the second judge] followed up, including the Motion to Dismiss being converted to a Motion for Summary Judgment."

**¶14**　　　　Based on the third judge's analysis, the *Kay S.* factors were satisfied. *See* 213 Ariz. at 380, ¶ 36. There was no risk of injustice because, as discussed below, the outcome would have been the same even if the second judge had not ruled. Nothing in the record suggests Samuel faces an injustice in any other case. Finally, by voluntarily recusing herself out of an abundance of caution, the second judge did not undermine, but instead instilled public confidence in, the judicial process. The second judge's basis for recusal would not normally raise concerns. She met Timothy's attorney when she and her husband were coaching his high-school moot court team. Later, Timothy's attorney supported her application for appointment to the bench. And at some point, the second judge's daughter babysat his children once, though a third-party arranged for the babysitting services.

¶15        Here, the third judge reviewed the voluntary recusal, acted properly, and did not abuse her discretion in denying the bias motions. Reasonable evidence supports the third judge's rulings on the bias motions. Based on the above analysis, Samuel's argument the third judge's rulings should be struck based on her reliance on the second judge's rulings, has no merit.

## II.     The superior court did not err in granting summary judgment in Timothy's favor on the APSA claims in counts 1 and 2.

¶16        When the second judge granted judgment in Timothy's favor on counts 1 and 2 based on the statute of limitations, Samuel had filed a request to bring the actions in his amended complaint as an interested person under the APSA. *See* A.R.S. § 46-456.G. If Samuel's "interested person" request had been granted, Samuel would have had standing for the APSA counts. This court, therefore, does not resolve those claims based on lack of standing. Still, Samuel's APSA claims fail.

¶17        Under A.R.S. § 12-542.1, a two-year statute of limitations applies to the APSA counts. Courts, however, "disfavor statute of limitations defenses, preferring instead to resolve litigation on the merits when possible." *City of Tucson*, 218 Ariz. at 178, ¶ 5. Upon a showing the statute of limitations has run, a plaintiff must show the statute has not expired. *See Republic Nat'l. Bank of New York v. Pima Cty.*, 200 Ariz. 199, 204, ¶ 20 (App. 2001). "[K]nowledge of the identity of the defendant is a critical element in determining when a cause of action accrues." *Lawhon v. L.B.J. Inst. Supply, Inc.*, 159 Ariz. 179, 181 (App. 1988). Therefore, a claim accrues when a plaintiff discovers, or by the exercise of reasonable diligence should have discovered, a defendant's negligent conduct caused an injury. *Id.* at 183. The general purpose of any statute of limitation is to protect both defendants and courts from the litigation of stale claims for which evidence may be lost or witnesses' memories faded. *See City of Tucson*, 218 Ariz. at 178, ¶ 5.

¶18        The undisputed evidence showed Elsie moved to New Jersey with Timothy in 2011, and William was aware of the move at the time. Samuel alleged, as a result of Elsie's move, Timothy wrongfully cut off the marital relationship and Elsie's financial support of William. Samuel filed the original complaint more than six years later. Any APSA claims regarding Elsie's move and any alleged harms arising from the move, therefore, accrued more than two years before Samuel filed the original complaint. Except for William's "surviving spouse" claims, the

second judge correctly found the statute of limitations barred the APSA claims under counts 1 and 2.

¶19        The statute of limitations did not bar William's "surviving spouse" claims because they did not accrue until Elsie died less than eight months before Samuel filed the amended complaint. The "surviving spouse" claims, nonetheless, fail as a matter of law for other reasons.

¶20        As to the family allowance claim, any claims for monies unpaid as of William's death lapsed when he died. *See* A.R.S. § 14-2404.D ("The death of a person entitled to the family allowance terminates the right to allowances not yet paid."). Further, as to the homestead allowance and exempt property, A.R.S. § 14-2401 provides:

> This article applies to the estate of a decedent who dies ***domiciled in this state***. Rights to homestead allowance, exempt property and family allowance for a decedent who is not domiciled in this state at the time of death are governed by the law of the decedent's domicile at death.

(Emphasis added).

¶21        William's "surviving spouse" claims fail because Elsie was not domiciled in Arizona when she died. *See id.* A person acquires domicile when the person is physically present in a state and has the intent to make it their home for an indefinite period. *See DeWitt v. McFarland*, 112 Ariz. 33, 34 (1975). The person need not affirmatively intend to remain there permanently; the person need only intend to remain indefinitely. *Id.* In 2011, Elsie left Arizona and began physically residing in New Jersey. She did not intend to return to Arizona. Instead, she intended to remain in New Jersey for an indefinite period. At that point, Elsie established domicile in New Jersey. At the time of her death, Elsie remained domiciled in New Jersey and had not been to Arizona since 2011. Samuel offered no contrary evidence. William's "surviving spouse" claims under A.R.S. §§ 14-2401 through 14-2404, therefore, fail as a matter of law.

¶22        Because Samuel's APSA claims are barred by the statute of limitations and the express provisions of the "survivor spouse" statutes, Samuel's claims regarding his status as an interested person are moot.

**III.    The superior court did not err in granting summary judgment in Timothy's favor on counts 3 through 9.**

**¶23**          This court reviews a grant of summary judgment *de novo*, viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party. *See Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 46-47, ¶ 10 (App. 2015). Summary judgment is proper if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *See* Ariz. R. Civ. P. 56(a). This court will affirm the trial court's ruling if it was correct for any reason. *See KB Home Tucson v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).

**¶24**          William died approximately eleven days before Samuel filed the amended complaint. In the amended complaint, Samuel alleged two bases to establish standing for counts 3 through 9. First, Samuel said, "Plaintiff Samuel Reece is the Personal Representative of William Reece for the purposes of this litigation by virtue of a Power of Attorney giving Plaintiff Samuel Reece the power and authority to litigate the instant lawsuit." Second, he said, "Samuel Reece is also the Personal Representative of William Reece pursuant to the Last Will And Testament of William Reece."

**¶25**          As to the first basis, because of William's death, Samuel could not rely on any power of attorney from William. *See* A.R.S. § 14-5504.A.

**¶26**          As to the second basis, Samuel produced no evidence he was appointed as a personal representative for William or Elsie. Despite repeated orders from the third judge to produce supplemental evidence, Samuel provided none. Samuel produced what purported to be the "Last Will And Testament of William Reece," but he produced no evidence he was appointed as William's personal representative. *See* A.R.S. § 14-3701 ("The duties and powers of a personal representative commence **on appointment**.") (emphasis added). Indeed, this court takes judicial notice Samuel's appointment as a personal representative was limited to disposing of William's remains. *See Reece* I.

**¶27**          The third judge ultimately concluded Samuel did not establish standing as a personal representative. This court, therefore, finds no error in the superior court entering judgment in Timothy's favor on counts 7 through 9. Samuel similarly lacks standing to bring counts 3 through 6. Though the second judge entered judgment in Timothy's favor

on counts 3 through 6 on other grounds, this court exercises its discretion and affirms the rulings based on lack of standing. *See KB Home Tucson*, 236 Ariz. at 329, ¶ 14.

## ATTORNEY FEES ON APPEAL

**¶28**        Timothy requested attorney fees and costs for this appeal under A.R.S. § 12-341.01 and ARCAP 21(a). This court considered the relevant factors under A.R.S. § 12-350. Samuel did not prevail on any argument and the record and the law largely did not support his claims. Accordingly, this court grants Timothy's request for reasonable attorney fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶29**        Based on the above, the superior court is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA