716 P.2d 56

**Charlie A. LAKE, Plaintiff/Appellant,**

v.

**Joan E. BONHAM, aka Joan E. Lake, Defendant/Appellee.**

No. 2 CA–CIV 5375.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 29, 1986.

Reconsideration Denied March 10, 1986.

Vincent & Gjurgevich by James L. Gjurgevich, Tucson, for plaintiff/appellant.

C. Michael Johns, Bisbee, for defendant/appellee.

OPINION

LACAGNINA, Judge.

Charlie Lake appeals from an order vacating a decree of dissolution obtained by

Lake on September 24, 1984, and dismissing the action for lack of jurisdiction. The trial court held that Lake had not been domiciled in this state for 90 days prior to filing the petition as required by A.R.S. § 25–312(1). Joan E. Bonham (Bonham), also known as Joan E. Lake, alleged in her motion to vacate the decree and dismiss the dissolution action that Lake intended to defraud the court when he swore that he was domiciled in Arizona. The court determined that Lake was not domiciled in Arizona. We disagree and reverse.

I

**THE COURT'S ORDER**

The trial court after an evidentiary hearing ruled from the bench as follows:

In this case, however, all of the exhibits admitted by the respondent are equivocal at best. They could go either way. Mr. Lake, on the stand, did tell us very clearly what was in his mind at the time he filed the petition, and during the entire process of these proceedings and what was in his mind was that he came to Arizona for his job, and that he will leave Arizona when his job does not require his presence here any longer.

The length of his stay in Arizona, it is true, is not certain, but it is not indefinite. The law says that presence in a location with the intent to remain indefinitely is the test for establishing domicile. There is a difference, and the cases make a clear distinction between a stay that is indefinite and one that is temporary, but of unknown duration, and we have the latter in this case. The program that brought Mr. Lake to the State of Arizona is the reason for his being in Arizona, and when that program no longer requires his services in the Sierra Vista area, Mr. Lake has been very clear about the fact that he will leave, probably for the Austin area. That requires me to make a finding that Mr. Lake is not a domiciliary of the State of Arizona and was not at the time that his petition was filed.

I appreciate the candor of your testimony, Mr. Lake, and although, as a matter of law, that requires me to conclude that there was an insufficient basis for the granting of the dissolution and in technical terms, that boils down to the word, "fraud." It's not a reflection on your integrity. I think that you sincerely believed yourself to be a domiciliary of this state when you testified before me in September, and I don't fault you for having been incorrect legally. Nor do I question your integrity in anyway [sic].

I am constrained to find that because of the evidence in this case, you were not a domiciliary and the conclusion stemming from that finding is obvious, that I had no jurisdiction to entertain this petition, and having had no jurisdiction, the motion to vacate the decree is granted, and this matter is dismissed.

The trial court's conclusion that Lake was not domiciled in Arizona was not supported by the evidence. In addition, we necessarily rule the court erred in its finding that Lake had committed any fraud, intentional or otherwise, in claiming domicile. Finally, we hold that the court had no legal basis under Rule 60(c)(3), Rules of Civil Procedure, 16 A.R.S., for vacating the decree, having before it insufficient evidence to support the fraud claim.

II

**LAKE'S TESTIMONY, CORROBORATED BY BONHAM, REQUIRED A FINDING OF DOMICILE IN THE STATE OF ARIZONA**

A. *Testimony*

The trial court relied solely on the testimony of Lake to find fraud regarding his claim of domicile. Lake testified that he moved to Arizona for what was scheduled to be a one-year program. Once his projected stay in Arizona extended beyond one year, he testified that he and his family intended to stay in Arizona "indefinitely, as long as the program was going on." He also testified that once he left California, he never intended to live there as his home

again. He contemplated, at some point in the future, to move to Texas, as part of his job advancement, if and when the job in Arizona was completed.

Bonham's testimony concerning domicile corroborated Lake's testimony. She said that she left California for Arizona a few months after Lake only because her daughter was already enrolled there in school. Once she moved, she considered Sierra Vista her home, and continued to live in Arizona up until the time Lake told her he wanted a divorce. At that time she was visiting in California, and intended to return to her home in Arizona, but Lake wrote her a letter telling her he was going to divorce her and to stay in California.

### B. *Law*

■ In order to establish domicile in Arizona a party must show "(1) physical presence and (2) an intent to abandon the former domicile and remain here for an indefinite period of time." *DeWitt v. McFarland*, 112 Ariz. 33, 34, 537 P.2d 20, 21 (1975), quoting *Heater v. Heater*, 155 A.2d 523, 524 (D.C.1959). Both parties agreed they had abandoned their domicile in California. They also agreed that Lake's stay in Arizona because of his job, although not permanent, was "clearly of indefinite duration," *DeWitt, supra*. The question before the trial court was whether Lake intended to make Arizona his present home, even if only for an indefinite period of time, and even while contemplating the possibility of eventually moving elsewhere. The evidence is clear: his job opportunities brought him to Arizona; he intended to make Arizona his home with his wife and her daughter until, if and when, advancement in employment took him to Austin, Texas.

The trial court was required to consider the above testimony in light of the following two principles: (1) a person is never without a domicile somewhere, *DeWitt, supra*, and (2) domicile is presumed to follow residence, *Jizmejian v. Jizmejian*, 16 Ariz. App. 270, 492 P.2d 1208 (1972). Applying these principles, the court was required to find that Lake's residence in Arizona, although temporary, raised the presumption of domicile. Further, Lake could not claim domicile in either Texas (where Lake had never resided) or California (where he had abandoned his domicile).

Since one is never without a domicile somewhere, and Bonham failed to rebut the presumption of Lake's residence being his domicile, the court was required to find that domicile existed in Arizona.

### III

### BONHAM FAILED TO PROVE FRAUD NECESSARY TO VACATE JUDGMENT AND DECREE

■ Since the court was required to find Lake domiciled in Arizona, we necessarily hold that Lake's testimony concerning this jurisdictional fact was not fraudulent. Assuming arguendo, that the court's ruling was not clearly erroneous, we find insufficient grounds for the court to vacate the judgment and decree under Rule 60(c)(3) on the basis of fraud. The burden of proving fraud is on the party moving to vacate, and is not to be presumed, but must be established by clear and convincing evidence. 2 C. Wright & A. Miller, Federal Practice and Procedure § 2860 (1973). Bonham did not meet this burden.

If the trial court believed Lake's fraud was a fraud upon the court rather than against an adverse party, the requirements necessary to set aside the judgment are more onerous. Wright and Miller describe the necessary conduct:

> The cases in which it has been found that there was or might have been a 'fraud upon the court,' for the most part, have been cases in which there was 'the most egregious conduct involving a corruption of the judicial process itself.' The concept clearly includes bribery of a judge or the employment of counsel in order to bring an improper influence on the court.

*Id.* § 2870 at 255. Since the court found Lake's testimony about his domicile was sincerely believed when given, therefore not intended to deceive the court, not

known or believed by Lake to be false or offered knowing it to be false, the court could not set aside the judgment on the basis of that testimony.

Reversed.

LIVERMORE, P.J., and FERNANDEZ, J., concur.