NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

DOROTHY EMERMAN, a legally separated woman,
*Plaintiff/Appellant*,

*v.*

ARIZONA HOLDING SERVICES, LLC, dba ARIZONA TRAFFIC
SERVICES, an Arizona limited liability corporation authorized to do
business in the foreign corporation duly authorized to do business in the
State of Arizona, *Defendant/Appellee*.

No. 1 CA-CV 13-0328
FILED 06-03-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2011-008761
The Honorable Dean M. Fink, Judge

**AFFIRMED**

———————————————

COUNSEL

Rubin & Samuels, Phoenix
By Michael S. Samuels
*Counsel for Plaintiff/Appellant*

Riviere Law Group PLLC, Phoenix
By Roger W. Riviere
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

**¶1**   Dorothy Emerman (Emerman) appeals the trial court's orders granting summary judgment in favor of Appellee Arizona Holding Services, LLC (AZ Holding), a funeral procession escort business; denying Emerman's motions for relief from a judgment or order pursuant to Rule 60(c) of the Arizona Rules of Civil Procedure; and denying Emerman's motion for a new trial pursuant to Rule 59(a).  Because we find the trial court did not err in finding that Emerman failed to sufficiently identify the motorcycle rider she alleged caused her harm as an AZ Holding employee or agent at the time of summary judgment, we affirm the trial court's orders.

**FACTS AND PROCEDURAL HISTORY**

**¶2**   Emerman was driving westbound with a passenger, approaching a green light in Phoenix, Arizona.  As Emerman neared the intersection, a motorcycle, traveling several blocks ahead of a funeral procession involving hundreds of motorcycles and other vehicles, entered the same intersection heading northbound.  As a result, Emerman quickly stopped to avoid colliding with the motorcycle.  Emerman's vehicle came to a complete stop before it entered the intersection or even crossed the first line of the crosswalk.  However, the vehicle following Emerman, driven by Clive Byfield (the second car or Byfield), rear-ended Emerman's vehicle, allegedly causing bodily injuries to Emerman.

**¶3**   Emerman filed suit against AZ Holding.  Emerman alleged that AZ Holding employed the rider of the motorcycle (the motorcycle rider) and therefore was vicariously liable under a theory of respondeat superior.  Emerman also alleged the AZ Holding riders ran a red light without need or justification, which caused her property damage and

injuries.[1] AZ Holding avowed that on the date in question, it did not own any motorcycles, did not employ any motorcycle riders or escorts and did not know the identity of the motorcycle rider alleged to be responsible for Emerman's accident. Accordingly, AZ Holding affirmatively denied any involvement or fault in the car accident between Emerman and Byfield. AZ Holding filed a motion for summary judgment, arguing there was no genuine issue of material fact and that the trial court should grant judgment as a matter of law. Emerman filed a response, and AZ Holding filed their reply.

¶4        Over a month after filing her response, Emerman filed additional exhibits, which the trial court treated as a "sur-reply." The sur-reply included photographs of the funeral procession that Emerman found online through her own investigation, which depicted a motorcycle rider, wearing what looked like an AZ Holding's uniform in front of the church where the funeral took place. These pictures were posted online on the day of the funeral. The trial court noted at oral argument, and in its minute entry, that this filing was unusual, and it would not consider the sur-reply's exhibits when ruling on AZ Holding's summary judgment motion.

¶5        The trial court granted summary judgment in favor of AZ Holding, first noting Emerman argued an incorrect burden of proof because it is "always incumbent upon the plaintiff to prove the defendant's fault." The trial court also ruled that Emerman's affidavit, which identified Rodney Baker (Baker), owner of AZ Holding, as the motorcycle rider, was insufficient to establish a genuine issue of material fact. The trial court treated the affidavit as a "sham affidavit" pursuant to *Allstate Indemnity Co. v. Ridgley*, because Emerman could not identify the motorcycle rider with any confidence at her deposition, but unequivocally stated in her summary judgment affidavit that Baker was the motorcycle rider. *See* 214 Ariz. 440, 444, ¶ 16, 153 P.3d 1069, 1073 (App. 2007) (holding that "when a party's affidavit is submitted to defeat summary judgment and contradicts the party's own deposition testimony, it should be disregarded in deciding the motion.").

¶6        In addition to finding that Emerman failed to meet her burden of proving the motorcycle rider was an AZ Holding employee at

---

[1]        Emerman and her passenger settled their claims against Byfield. Emerman also received underinsured motorist benefits from her insurance carrier.

the time of her injury, the trial court granted summary judgment on the separate ground that AZ Holding did not owe Emerman a duty pursuant to Arizona Revised Statutes (A.R.S.) section 28-776 (2012).[2]  The trial court held that even if employed by AZ Holding, the motorcycle rider's actions would not create liability because the motorcycle rider was acting within his statutory rights.  Therefore, in the absence of an established duty, Emerman had failed to state a legally cognizable negligence claim against AZ Holding.

¶7        Thereafter, Emerman filed her first motion for Rule 60(c) relief, which the trial court denied, finding the motion did not meet the standard entitling her to relief under Rule 60(c), and because the photographs Emerman wanted to add as evidence were not "newly discovered" evidence since they were available prior to Emerman filing her response to the motion for summary judgment.

¶8        Emerman then filed a Rule 59(a) motion for a new trial.  She first argued that "[t]he Court based its ruling on the premise that there was no evidence 'that Defendant believed its representations to be false.'"  Emerman continued to argue, "Rule 60(c) contains no such requirement that the Defendant believed his representation to be false."  She also argued that "reasonable inferences are to be viewed in [the] light most favorable to the non-moving party."  The trial court denied the motion and clarified its ruling regarding the Rule 60(c) motion.  It held Emerman was not entitled to a new trial because there was no basis for fraud.  Also, the "newly discovered evidence" or photographs could have been found with "reasonable diligence."

¶9        Emerman filed a second motion for Rule 60(c) relief, which the trial court also denied.  Emerman timely appealed the trial court's grant of summary judgment, denial of Emerman's Rule 60(c) motions, and denial of Emerman's Rule 59(a) motion.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21.A.1 (2003), and -2101.A.1 (Supp. 2013).

---

[2]        We cite to the current version of the applicable statutes when no material revisions have since occurred.

**DISCUSSION**

I.      AZ Holding's Motion for Summary Judgment

**¶10**         A motion for summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We review the trial court's grant of summary judgment based upon the record made in the trial court, but we determine de novo whether the judgment was proper. *Schwab v. Ames Constr.*, 207 Ariz. 56, 60, ¶ 17, 83 P.3d 56, 60 (App. 2004). In our review, we determine if the trial court applied the law properly and if, viewing the facts in the light most favorable to the non-moving party, there remains any genuine issue of material fact. *Id.*; *Nicoletti v. Westcor*, 131 Ariz. 140, 142, 693 P.2d 330, 332 (1982). When uncontroverted, the trial court may accept the facts alleged in an affidavit attached to summary judgment motions as true. *Ancell v. Union Station Assoc., Inc.*, 166 Ariz. 457, 458, 803 P.2d 450, 451 (App. 1990). Nonetheless, an affidavit may be insufficient to withstand a summary judgment motion, even if the affidavit creates the "slightest doubt" that a material fact may be disputed, when the affidavit tends to contradict the affiant's sworn deposition testimony. *Orme Sch.*, 166 Ariz. at 309, 802 P.2d at 1008.

**¶11**         To survive summary judgment, the non-moving party must show that a genuine issue of material fact is in dispute on the record before the court. *See* Ariz. R. Civ. P. 56(c); *see also Tilley v. Delci*, 220 Ariz. 233, 236-37, ¶ 10, 204 P.3d 1082, 1085-86 (App. 2009) (granting summary judgment when the non-moving party "submitted no competent evidence to create a genuine issue of material fact."). A genuine issue of material fact exists when the trial court finds on examination of the entire record, the parties dispute a fact, which if true, could affect the final judgment. *See Elson Dev. Co. v. Ariz. Sav. & Loan Ass'n*, 99 Ariz. 217, 220, 407 P.2d 930, 932 (1965). However, the "sham affidavit" rule holds that "when a party's affidavit is submitted to defeat summary judgment and contradicts the party's own deposition testimony, it should be disregarded in deciding the motion." *Allstate Indem. Co.*, 214 Ariz. at 442, ¶ 9, 153 P.3d at 1071. We apply the "sham affidavit" rule to prevent parties from thwarting the purpose of Rule 56 by creating issues of fact through affidavits that contradict their own depositions. *Id.*

¶12　　　　　In this case, the only material fact at issue was whether the motorcycle rider was an AZ Holding employee because AZ Holding could not be held vicariously liable for the actions of a person not employed by it. *Compare Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title*, 197 Ariz. 535, 540, 5 P.3d 249, 254 (App. 2000) ("An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment."), *with Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101, 800 P.2d 962, 967 (1990) (holding that the general rule is that an employer is not vicariously liable for an independent contractor's negligence unless the employer has been independently negligent). Emerman asserts a genuine issue of material fact existed because she presented evidence through her affidavit and through the exhibits contained in her sur-reply proving the motorcycle rider was, in fact, associated with AZ Holding.

¶13　　　　　Nonetheless, the plaintiff bears the burden of showing available, competent evidence that would justify a trial once the defendant establishes it is entitled to summary judgment. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 156, 871 P.2d 698, 703 (App. 1993). The plaintiff cannot solely rely "on unsupported contentions that a dispute exists to create a factual issue that would defeat summary judgment." *State v. Mecham*, 173 Ariz. 474, 478, 844 P.2d 641, 645 (App. 1992). The trial court, when ruling on a motion for summary judgment, will not view unsworn or unproven assertions by the non-moving party as "facts" that justify denial of a motion for summary judgment. *Id.*

¶14　　　　　Here, the trial court declined to consider the exhibits submitted in the sur-reply. Arizona Rule of Civil Procedure 56(c) permits the parties to submit a motion for summary judgment, a response, and a reply, but there is no provision for a sur-reply. Therefore, we find the trial court did not abuse its discretion in declining to consider documents beyond those provided for within the Rule.

¶15　　　　　Next we consider Emerman's affidavit regarding the identity of the motorcycle rider. In her deposition, Emerman was uncertain as to the description of the motorcycle rider and the motorcycle, but her affidavit -- filed when facing a dispositive motion -- affirmatively identified Baker as the motorcycle rider. In an impermissible effort to create a genuine issue of material fact, the affidavit contradicted Emerman's prior, sworn, deposition testimony. As previously noted, the trial court was not required to consider the affidavit, and did not abuse its discretion in declining to do so. *See Mecham*, 173 Ariz. at 478, 844 P.2d at

645 (a trial court need not consider unproven assertions as a "fact," which would justify the denial of the motion for summary judgment).

**¶16**      On this record, there was no competent evidence that the motorcycle rider was an AZ Holding employee. Because we decide that there are no contested issues of fact, we need not decide whether AZ Holding owed a duty of care to Emerman pursuant to A.R.S. § 28-776.B.

II.      Emerman's Motions for Relief from Judgment

**¶17**      Arizona Rule of Civil Procedure 60(c) permits the trial court to relieve a party from a judgment based upon several enumerated reasons, including: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)"; or (3) "fraud . . . , misrepresentation or other misconduct of an adverse party"; among various other reasons, not applicable here. We review the trial court's denial of such motions for abuse of discretion. *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App. 2010). As a matter of public policy, a judgment must become final at some point; otherwise there would never be any certainty as to the rights acquired under the court's judgments. *Panzino v. City of Phx.*, 196 Ariz. 442, 448, ¶ 19, 999 P.2d 198, 204 (2000).

**¶18**      Emerman argues on appeal that the trial court erred in denying both of her Rule 60 motions. We disagree.

      A.      Newly Discovered Evidence

**¶19**      Emerman first argues she should be afforded relief because the trial court did not consider "newly discovered" photographs – not disclosed in discovery -- when deciding AZ Holding's motion for summary judgment. These photographs, taken from various websites including Shutterfly and Facebook, depicted a motorcycle rider wearing what appears to be an AZ Holding's uniform. However, evidence "that could have been discovered with reasonable diligence" before the time the plaintiff could file a motion for a new trial is not "newly discovered" as defined by Rule 60. *See* Ariz. R. Civ. P. 60(c)(2); *see also Catalina Foothills Ass'n, Inc. v. White*, 132 Ariz. 427, 429, 646 P.2d 312, 314 (App. 1982).

**¶20**      Here, the evidence at issue was readily available with the exercise of due diligence, and Emerman had some of the photographs at least four months prior to her deadline for filing her response to the motion for summary judgment. Accordingly, we find no abuse of

discretion in the trial court's refusal to grant relief on the basis of newly discovered evidence.

B.     Fraud

**¶21**          Emerman also argued in her first motion for relief that the trial court should grant relief because AZ Holding committed fraud upon the court in two ways.  First, by "representing to [Emerman and the trial court] that the motorcycle rider was not with [AZ Holding's] funeral procession escort company."  Emerman asserted the photographs of a motorcycle rider with an AZ Holding uniform demonstrated AZ Holding's fraud and that this fraud justified relief.  Second, Emerman asserted that AZ Holding committed fraud by arguing an "incorrect" standard of care required of funeral escort vehicles.  The trial court disagreed, as do we.

**¶22**          To justify Rule 60(c)(3) relief for fraud, the party seeking relief bears the onerous burden of presenting clear and convincing evidence proving the fraudulent activity perpetrated on the court.  *See Lake v. Bonham*, 148 Ariz. 599, 601, 716 P.2d 56, 58 (App. 1986).  The cases justifying reversal contain only "the most egregious conduct involving a corruption of the judicial process itself."  *Id.*  A party that sincerely believes its testimony to the court when given, or given not for the purpose of deceiving the court, does not rise to this level of egregiousness. *See id.*

**¶23**          Emerman did not present any evidence demonstrating AZ Holding believed its representations to the court were false regarding AZ Holding's relationship to the motorcycle rider.  Nor did Emerman present any evidence AZ Holding committed fraud in its arguments regarding the standard of care required of funeral escort vehicles.  Therefore, the trial court did not abuse its discretion in holding that this purported "fraud" did not rise to the level of egregiousness that justifies Rule 60(c)(3) relief.

C.     Misrepresentation

**¶24**          In her second motion for Rule 60 relief, Emerman argued she should be afforded relief due to AZ Holding's misrepresentation that it did not employ the motorcycle rider on the day of the accident, as indicated by her later-filed photographs.  Emerman also attempted to admit evidence from the Maricopa County Sheriff's Office indicating AZ Holding had registered a motorcycle as a funeral escort vehicle in 2009.  The trial court again denied Emerman's request for relief because it was not persuaded by her arguments and deemed it inappropriate for

Emerman to submit two motions for Rule 60 relief, when the language of Rule 60(c) is singular, implying only one motion may be filed under this Rule.

**¶25**		When reviewing a trial court's order for abuse of discretion, "we will affirm the trial court's decision if it is correct for any reason." *See Delbridge v. Salt River Project Agric. Improvement and Power Dist.*, 182 Ariz. 46, 54, 893 P.2d 46, 54 (App. 1994). Although Emerman presented new evidence to support her claim of misrepresentation, that evidence was available to her at the time of AZ Holding filed its Motion for Summary Judgment. That being the case, the trial court did not abuse its discretion by declining to consider this new evidence introduced to support Emerman's claims. As discussed above, a judgment must become final at some point. *See Panzino*, 196 Ariz. at 448, ¶ 19, 999 P.2d at 204. We must respect this finality. Rule 60 relief is not a tool to allow an unsuccessful plaintiff to further develop the record after summary judgment is granted. Rather, the "purpose of the rule is to provide relief for those mistakes and errors which inevitably occur despite diligent efforts to comply with the rules." *See City of Phx. v. Geyler*, 144 Ariz. 323, 332, 697 P.2d 1073, 1082 (1985). The trial court, therefore, did not abuse its discretion in denying Emerman's motions for Rule 60 relief, and we affirm the trial court's orders.

III.		Motion for New Trial

**¶26**		We will not overturn the trial court's decision to deny a motion for a new trial absent a clear abuse of discretion. *Suciu v. AMFAC Distrib. Corp.*, 138 Ariz. 514, 520, 675 P.2d 1333, 1339 (App. 1983).

**¶27**		Emerman moved for a new trial, pursuant to Rule 59(a), asserting the trial court used the wrong standard in evaluating her first Rule 60(c)(3) motion and the trial court used the incorrect standard in granting summary judgment. Having already affirmed the trial court's grant of summary judgment as proper, and affirmed the trial court's denial of Rule 60(c) relief, we hold that the trial court was also acting within its discretion by denying Emerman's motion for new trial. Therefore, we affirm this order.

IV.		Request for Attorney Fees

**¶28**		AZ Holding requests its attorney fees and costs associated with this appeal. In our discretion, we decline to award attorney fees. However, as the prevailing party, we award the costs of this appeal to AZ Holding upon compliance with ARCAP 21.

**CONCLUSION**

**¶29** For the reasons discussed above, we affirm the trial court's orders granting AZ Holding's motion for summary judgment and denying Emerman's motions for relief under Rules 59(a) and 60(c).



Ruth A. Willingham · Clerk of the Court
FILED: gsh

10