NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NATIONAL BANK OF ARIZONA, a national banking association,
*Plaintiff/Appellee*,

*v.*

HUMBERTO RICO and IRENE PEREZ RICO, husband and wife,
*Defendants/Appellants*.

No. 1 CA-CV 14-0853
FILED 4-14-2016

Appeal from the Superior Court in Maricopa County
No. CV 2010-022422
The Honorable Benjamin E. Vatz, Commissioner (Retired)

**AFFIRMED**

COUNSEL

Gammage & Burnham, PLC, Phoenix
By Kevin J. Blakley, Christopher L. Hering
*Counsel for Plaintiff/Appellee*

Davis McKee, PLLC, Phoenix
By Jeffrey A. McKee
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1 Appellants Humberto and Irene Perez Rico (collectively, the Ricos) challenge the trial court's ruling denying them relief from a default judgment entered in favor of Appellee National Bank of Arizona (NBA). For the reasons set forth below, we affirm the trial court's ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Appellant Humberto Rico obtained a loan from NBA in 2006. Mr. Rico pledged a parcel of real property he owned as sole and separate property as collateral. Mr. Rico signed the Promissory Note and Deed of Trust; his wife did not.

¶3 NBA filed suit against the Ricos in 2010 alleging they had failed to make payments on the loan when due. NBA also alleged that "[a]ll acts of the Ricos relevant to this matter"—including entry into the loan— "were performed on behalf of the marital community." The Ricos were served with the complaint on July 29, 2010, but did not respond.

¶4 NBA obtained default judgment against the Ricos and their marital community in December 2010. NBA then obtained writs of garnishment against Mr. Rico's employer and two banks with which the Ricos conducted business. NBA began garnishing Mr. Rico's wages in March 2011.

¶5 The Ricos did not appear in the case until August 2014, when they moved for relief from the default judgment. At that time, they argued they should be relieved because Mrs. Rico "was not a party to and did not sign the Promissory Note and Deed of Trust," and Mrs. Rico and the marital community were not liable under Arizona Revised Statutes (A.R.S.) section 25-214.C.1 (West 2016).[1]

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**¶6** The trial court denied the Ricos' motion, finding A.R.S. § 25-214.C.1 did not apply. It also declined to set aside the default judgment because the Ricos:

> (1) were duly served, (2) failed to investigate the claim against them, (3) chose not to seek counsel, (4) were aware of and, by their silence, acknowledged as true the allegations in the complaint that all relevant actions "were on behalf of the marital community," and (5) waited nearly four years to raise a purported defense.

The Ricos timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.2. *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) ("An order denying . . . a motion to set aside a judgment under Rule 60(c) . . . is appealable as a 'special order made after final judgment.'").

## DISCUSSION

**¶7** A court may set aside a default judgment in accordance with Rule 60(c). Ariz. R. Civ. P. 55(c). The trial court may grant Rule 60(c) relief from a default judgment if the moving party shows that (1) it acted promptly in seeking relief from the default judgment, (2) its failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(c), and (3) it had a meritorious defense. *Beal v. State Farm Mut. Auto. Ins. Co.*, 151 Ariz. 514, 517 (App. 1986) (citation omitted). We review the denial of a Rule 60(c) motion for abuse of discretion, *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010), and will affirm the trial court's ruling unless "undisputed facts and circumstances require a contrary ruling." *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985).

## I. The Ricos Did Not Act Promptly In Seeking Relief

**¶8** The Ricos did not move to set aside the default judgment until August 2014, more than three years after judgment was entered. They contend they did not understand "their rights under community property law" until a week before they appeared in the case, but do not explain why they could not have investigated their rights before August 2014. The Ricos did not act promptly in seeking relief. *See, e.g., United Imps. & Exps., Inc. v. Superior Court*, 134 Ariz. 43, 46 (1982) ("We cannot presume, nor should the trial court, that an unexplained delay of approximately thirteen weeks in seeking relief is 'prompt action.'").

## II.    The Ricos Were Not Entitled to Relief Under Rule 60(c)(6)

**¶9**    Had the Ricos acted promptly, they still would not have been entitled to Rule 60(c)(6) relief because they did not demonstrate (1) extraordinary circumstances of hardship or injustice justifying relief, or (2) a reason for setting aside the judgment other than one set forth in Rule 60(c)(1)-(5). *See Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014).

### A.    The Ricos Did Not Demonstrate Extraordinary Circumstances of Hardship or Injustice

**¶10**    The Ricos had ample notice of NBA's claim via service of the complaint and the garnishment of Mr. Rico's wages, which began in March 2011.  The Ricos did nothing to stop the ongoing garnishment for more than three years.  Inaction does not constitute extraordinary circumstances of hardship or injustice.  *See Marks v. LaBerge*, 146 Ariz. 12, 16 (App. 1985).

### B.    The Ricos' Purported Reasons to Set Aside the Judgment Are Time-Barred

**¶11**    The Ricos offered two reasons to set aside the default judgment, but neither fits within Rule 60(c)(6) and both are time-barred. The Ricos first contend NBA's counsel violated Rule 11, Arizona Rules of Civil Procedure, by asserting claims against Mrs. Rico and the marital community contrary to A.R.S. § 25-214.C.1.  The Ricos thus allege "fraud, misrepresentation, or other misconduct of an adverse party," which is governed by Rule 60(c)(3).  This defense must be asserted within six months of the entry of judgment, or it is waived.  Ariz. R. Civ. P. 60(c).  Here, the six month period has long since expired, and the Ricos cannot extend the limitations period by recasting their Rule 11 allegations as violations of Rule 60(c)(6).[2] *See Webb v. Erickson*, 134 Ariz. 182, 186 (1982).

**¶12**    The Ricos also contend they filed their motion to set aside the default judgment "promptly after [they] learned of the inappropriateness of the Default Judgment[,]" and that they "had no reason to believe that the allegations in NBA's complaint . . . were, in fact, untrue."  The Ricos therefore argue "excusable neglect," which is governed by Rule 60(c)(1) and

---

[2]    We also note the Ricos did not present clear and convincing evidence that NBA or its counsel violated Rule 11.  *See Lake v. Bonham*, 148 Ariz. 599, 601 (App. 1986) (stating that a party seeking relief under Rule 60(c)(3) bears the burden of presenting clear and convincing evidence to prove the fraudulent activity).

is subject to the same six month limitations period. *See* Ariz. R. Civ. P. 60(c)(1). Again, the Ricos' attempt to reframe these allegations under subsection (6) does not extend the time to seek relief. *See Webb*, 184 Ariz. at 186.

**¶13** Citing *Geyler*, 144 Ariz. at 331-32, the Ricos also argue that excusable neglect can be a factor in determining whether relief is appropriate under Rule 60(c)(6), but the Ricos have not demonstrated excusable neglect. A party's failure to file a timely answer is excusable only if his or her actions were "reasonably prudent under the circumstances." *Searchtoppers.com, LLC v. TrustCash LLC*, 231 Ariz. 236, 241-42, ¶ 22 (App. 2012). The Ricos presented no evidence to show their three-year-plus delay was reasonably prudent. *Cf. Marks*, 146 Ariz. at 16 (affirming denial of Rule 60(c)(6) relief where the court could reasonably infer the defendant "simply chose not to respond to the summons and complaint").

**¶14** For these reasons, the trial court did not abuse its discretion in concluding that the Ricos' Rule 60(c) motion was untimely. *See* Ariz. R. Civ. P. 60(c); *see also Martin v. Martin*, 182 Ariz. 11, 16 (App. 1994) ("A motion for relief brought pursuant to Rule 60(c)(6) must be filed within a reasonable time.") (internal quotation marks omitted). We thus need not address whether the Ricos' proffered defense was meritorious.

### III. NBA Is Entitled to Recover Reasonable Attorney Fees and Costs Incurred on Appeal

**¶15** NBA requests attorney fees and costs pursuant to the Promissory Note and A.R.S. § 12-341.01.A. The Promissory Note provides as follows:

> ATTORNEYS' FEES; EXPENSES: Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses . . . including . . . appeals.

Generally, we enforce an attorney fees provision according to its terms. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 10 (App. 2012). However, we retain discretion to limit the award to a reasonable amount. *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 270, ¶¶ 16-17 (App. 2007). We award NBA a reasonable amount of attorney fees and taxable costs incurred on appeal upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

**CONCLUSION**

¶16 We affirm the trial court's ruling as set forth above and award NBA its reasonable attorney fees and costs.



**Ruth A. Willingham · Clerk of the Court**
FILED: ama